# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ADELITA ORTEGA** | **CIV. ACTION NO. 5:23-01640** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **FIDELITY & GUARANTY INSURANCE CO ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 10] filed by Plaintiff Adelita Ortega. The motion is unopposed. For reasons assigned below, it is recommended that the motion to remand be GRANTED.

## Background

On or about October 30, 2022, Adelita Ortega ("Ortega") sustained permanent and disabling injuries when she slipped and fell at the "Ramirez Mexican Restaurant" in Shreveport, Louisiana. (Petition). Approaching one year later, on September 23, 2023, Ortega filed the instant petition for damages against the operator of the restaurant, Ramirez Enterprises, L.L.C. ("Ramirez") and its liability insurer, Fidelity and Guaranty Insurance Company ("Fidelity"). *Id*.

On November 20, 2023, Defendants Ramirez and Fidelity removed the suit to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).[1]

On December 7, 2023, however, Ortega filed the instant motion to remand the case to

---

[1] According to the allegations of citizenship, Ortega is a Texas domiciliary, whereas Fidelity is a citizen of Connecticut, and Ramirez, via its member(s), is a Louisiana citizen. *See* Notice of Removal [doc. # 1]; Diversity Juris. Discl. Statement [doc. # 8]. Furthermore, the amount in controversy plainly exceeded/exceeds $75,000. *See* Petition. In short, the court enjoys subject matter jurisdiction, via diversity.

state court on the basis that the suit was not removable because Ramirez is a forum-domiciled defendant. *See* 28 U.S.C. § 1441(b). Ramirez and Fidelity did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 11]. Accordingly, the motion is deemed unopposed. *Id*.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Furthermore, "civil actions filed in state court are generally removable to federal court *unless an Act of Congress expressly prohibits removal.*" *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (emphasis added). Ultimately, the removal statutes are strictly construed in favor of remand. *Manguno, supra*.

Ortega contends that Ramirez and Fidelity improperly removed the case to federal court in violation of 28 U.S.C. § 1441(b)(2). Commonly known as the "forum-defendant rule," § 1441(b)(2) provides that removal based on diversity jurisdiction is permitted only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (quoting § 1441(b)(2)). The forum-defendant rule "prevents defendants from removing diversity cases to federal court if one of the defendants resides in the forum state." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 820 (5th Cir. 2021) (Ho, J., concurring). Importantly, a removal that transgresses § 1441(b) constitutes a defect in the removal process, which is waived if not raised

within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c) and *In re 1994 Exxon Chem. Fire*, *supra* (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)).

Applying the foregoing principles to the present facts, the court observes that subject matter jurisdiction in this case is premised solely upon diversity. *See* discussion, *supra*. Moreover, one of the defendants, Ramirez, is a citizen of the forum state, i.e., Louisiana. *Id*. In addition, there is no dispute that Ramirez was properly joined and served. *See* Notice of Removal. Accordingly, the forum-defendant rule is implicated and applicable.

Ortega has timely raised the procedural defect to the court's removal jurisdiction. Therefore, remand is required. 28 U.S.C. §§ 1441(b)(2), 1447(c).

## Conclusion

For the reasons detailed above,

IT IS RECOMMENDED that the motion to remand [doc. # 10] filed by Plaintiff Adelita Ortega be GRANTED, and that this matter be remanded to the First Judicial District Court for the Parish of Caddo, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within fourteen (14) days from the date of its**

3

**service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

In Chambers, at Monroe, Louisiana, on this 10th day of January, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE